# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12CR5220-H |
| Plaintiff, | |
| v. | ORDER DENYING GOVERNMENT'S MOTION TO CONTINUE SENTENCING HEARING |
| ZACHARY WILSON, | |
| Defendant. | |

On August 13, 2014, the government filed a motion to continue the sentencing hearing currently scheduled for August 25, 2014 at 9:00 a.m. for a period of 30 days. (Doc. No. 60.) The basis for the government's request is "so that the victims can be identified and given an opportunity to file impact statement and restitution requests" and that reason for not obtaining the victim impact statements and restitution requests prior to the sentencing hearing date is because "[t]he government has learned that the National Center for Missing and Exploited Children… did not receive the government's initial submission of the images in this case." Id. The government did not provide a reason why the National Center for Missing and Exploited Children did not receive the necessary submissions prior to the sentencing hearing date.

The defense filed a response in opposition to the government's motion, citing

-1-

1 that "[s]ignificant and timely notice of this sentencing hearing has been provided to all
2 parties" and that "[t]ravel arrangements and plane tickets have already been purchased
3 to allow [the defendant's family] to attend the sentencing hearing." (Doc. No. 61.) The
4 defense further notes that "[p]ostponing the sentencing hearing would create a
5 financial hardship for the family" and would "possibly prevent the attendance of these
6 family members." Id. Furthermore, the defense "does not oppose scheduling a
7 restitution hearing for a later date if any restitution issues or claims need to be
8 addressed." Id.

9 18 U.S.C. § 3664(d)(5) provides that "[i]f the victim's losses are not
10 ascertainable by the date that is 10 days prior to sentencing, the attorney for the
11 Government or the probation officer shall so inform the court, and the court shall set a
12 date for the final determination of the victim's losses, not to exceed 90 days after
13 sentencing."

14 In light of the reasons cited in the defense's opposition and the authority of this
15 court to determine the final restitution amount at later date not to exceed 90 days after
16 sentencing, the court DENIES the government's motion to continue the sentencing
17 hearing in this case. The government may request a post-sentencing restitution hearing
18 in order to submit additional documentation for the court's consideration in
19 determining the restitution amount. See Paroline v. United States, 134 S. Ct. 1710
20 (2014)(noting that "a [district] court must assess as best it can from available evidence
21 the significance of the individual defendant's conduct in light of the broader causal
22 process that produced the victim's losses.")

23 IT IS SO ORDERED.
24 DATED: August 14, 2014

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE